### DAVIS v. DAYS.

1. RENT LIENS—RECORDING.—A written lien for rent is valid without recording or indexing, and may be enforced by warrant under the agricultural lien law.
2. IBID.—IBID.—If the law required a lien for rent to be recorded and indexed, it would, as between the parties thereto, be good, and enforceable by warrant, although not recorded and indexed.

Before FRASER, J., Clarendon, June, 1893.

Proceeding by W. E. and J. S. Davis, instituted November 16, 1892, to attach crop of Harry Davis for unpaid rent, under a written contract which was not recorded.

*Mr. M. C. Galluchat,* for appellant, contended that under the act of 1884, 18 Stat., 751, trial justices had conferred upon them jurisdiction to issue warrants for the enforcement of liens, but only of such liens as were indexed; and that under the amendatory act of 1885, 19 Stat., 146, there was no enlargement of the jurisdiction of trial justices over the enforcement of liens.

*Messrs. Rhame & Davis,* contra.

July 26, 1894. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This was a proceeding instituted by respondents in a court of trial justice in December, 1892, for the enforcement of a lien executed by appellant, Harry Days, for the sum of fifty dollars, for the rent of land as an agricultural advance, for the year 1892, payable in October of that year. The objection was made in the trial justice court, that the trial justice did not have jurisdiction of the case, as there was, in fact, *no lien*—the rent note given not having been recorded

or "indexed," like other agricultural liens. This objection was overruled, and an appeal was taken to the Circuit Court, which sustained the ruling of the trial justice, and dismissed the appeal. From this judgment the appeal now comes to this court, charging error.

The question is, whether it was necessary, in order to sustain the jurisdiction of the trial justice, that the rent contract or lien should have been *indexed.* The law as to recording or indexing agricultural liens has been changed several times; but the last provision on the subject as to the lien of the landlord for the use of his land is contained in the act of 1885, and is as follows: "The landlord shall have a lien upon the crops of his tenant for his rent in preference to all other liens. * * * That all other liens for agricultural supplies shall be paid next after the satisfaction of the liens of the landlerd and laborers, and shall rank in other respects as they do now under existing laws. Section 2. That no writing or recording shall be necessary to create the liens of the landlord, but such lien shall exist from the date of the contract, whether the same shall be in writing or verbal. Section 3. That all acts or parts of acts inconsistent with, or supplied by, this act, be, and the same are hereby, repealed," &c.

It would seem that the very purpose of this act was to make the lien of the landlord, in some respects, exceptional. It gives the first lien to him, without limitation. Nothing is said about recording or "indexing," except "that no writing or recording shall be necessary, but such lien shall exist from the date of the contract, whether the same shall be in writing or verbal." This would seem to have the force of a statutory lien. "But all other liens shall rank in other respects as they now do under existing law." As the contract may be "verbal," it would seem inconsistent to require it to be recorded or "indexed." If such had been the intention of the legislature it would have been easy to say so, when they had the subject in hand, especially as a former law had at one time made it necessary that the landlord's lien should be "indexed," "when the amount exceeded one-third of the crop." It seems to us that the act of 1885 contains the whole law now of force upon the

subject of the landlord's lien, for the use of his land as an agricultural advance.

But if in this there is error, the only parties before the court here, are the landlord and his tenant. Certainly they had actual notice, and, as to them, the contract must be held binding, with or without recording in any form. Without going into the argument upon that subject, it will be sufficient to indicate some of the authorities upon the subject. "Recording is not an element in the due execution of a mortgage, and, therefore, is not essential to its validity." *McKnight* v. *Gordon*, 13 Rich. Eq., 222. "An agricultural lien not recorded within thirty days, though afterwards recorded, is good between the parties, and may be enforced by warrant issued by the clerk" (now trial justice). *Lyons* v. *Tedder*, 7 S. C., 69. In this case the court said: "The recording of the instrument in writing is no part of the agreement between the contracting parties; it is simply notice to and for the protection of creditors or third parties. The full and required execution of the agreement between the contracting parties is to them, what the record is to creditors or third parties—*explicit notice;* and though the instrument may not be recorded within the time required by statute, when reduced to writing, signed, and delivered, as between the parties, the contract is complete, valid, binding, and should be enforced as between them."

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and the appeal dismissed.